UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00657-GNS

PEDRO FIGUEROA-MARTINEZ PETITIONER

v.

MARKWAYNE MULLIN, Secretary
of the U.S. Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
PAM BONDI, Attorney General of the United States;
SAM OLSON, Director of the Chicago Field Office
of U.S. Immigration and Customs Enforcement; and
ARTHUR MAGLINGER, Jailer,
Daviess County Detention Center RESPONDENTS

# ORDER

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (DN 1), and Respondents' Motion for Leave to Seal (DN 7).

On November 25, 1998, Petitioner Pedro Figueroa-Martinez ("Figueroa-Martinez"), a native and citizen of Mexico, first entered the United States as a minor. (Pet. ¶¶ 1, 25, DN 1). He left the United States on March 1, 2004. (Pet. ¶ 25).

In December 2004, Figuero-Martinez was arrested by U.S. Border Patrol near Lukeville, Arizona, after entering without inspection and was processed as a voluntary return. (Pet. ¶ 25; Resp'ts' Resp. Show Cause Order Ex. 1, at 2, DN 8-1). About a year later, he was arrested in Florida and charged with possession of cocaine and for failure to have a driver's license, which were apparently resolved through pretrial diversion. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2).

On April 7, 2013, Figueroa-Martinez was arrested in Kentucky relating to various traffic-related offenses, which were later resolved when he pleaded guilty to some of the charges and

other charges were dismissed. (Pet. ¶ 35). On May 15, 2013, Immigration and Customs Enforcement ("ICE") officers arrested Figueroa-Martinez and served him with a Notice to Appear. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2; Pet. ¶ 3).

On May 30, 2018, Figueroa-Martinez filed a Form EOIR-42B Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. (Pet. ¶ 43). On November 30, 2022, an immigration judge denied the application and ordered his removal to Mexico. (Pet. ¶ 43; Resp'ts' Resp. Show Cause Order Ex. 1, at 2; Resp'ts' Resp. Show Cause Order Ex. 3, at 1-2, DN 8-3). Figueroa-Martinez appealed that decision to the Board of Immigration Appeals, which is still pending. (Pet. ¶¶ 4-5, 29-32, 43).

On June 17, 2024, Figueroa-Martinez was cited for speeding, which was resolved through the payment of a fine and court costs. (Pet. ¶ 36; Resp'ts' Resp. Show Cause Order Ex. 1, at 2). More recently, on August 17, 2026, he was arrested and cited for operating a motor vehicle under the influence of alcohol and for failing to provide proof of insurance. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2). He was subsequently taken into ICE custody pursuant to a Warrant for Arrest of Alien. (Pet. ¶ 33; Resp'ts' Resp. Show Cause Order Ex. 4, at 1, DN 8-4). At a custody redetermination hearing held on September 22, 2026, the immigration judge ordered Figueroa-Martinez's continued detention because he is a danger to the community. (Resp'ts' Resp. Show Cause Order Ex. 5, at 1-2, DN 8-5). He is currently detained at the Daviess County Detention Center. (Pet. ¶¶ 6, 9, 33).

On October 14, 2026, Figueroa-Martinez filed the Petition for Writ of Habeas Corpus against Respondents: Markwayne Mullin, Secretary of the Department of Homeland Security; Pam Bondi, Attorney General of the United States; Sam Olson, Director of the Chicago Field Office of ICE; and Arthur Maglinger, Daviess County Jailer. (Pet. ¶¶ 17-20). He challenges his

continued detention, and alleges violations of the Immigration and Nationality Act and his rights under the Due Process Clause of the Fifth Amendment. (Pet. ¶¶ 54-70).

**A. Petition for Writ of Habeas Corpus**

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Figueroa-Martinez bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

In the Petition, Figueroa-Martinez makes various alternative arguments about whether he is being detained pursuant to 8 U.S.C. § 1225(b)(2), 8 U.S.C. § 1226(a) and (c), and 8 U.S.C. § 1231. (Pet. ¶¶ 57-59). Respondents concede that his detention is under 8 U.S.C. § 1226(a). Based on the record, it appears that the immigration judge considered and ruled upon the merits of the custody redetermination request made by Figueroa-Martinez. To the extent that he disagrees with the merits of that decision, this Court lacks jurisdiction to review a discretionary bond decision made by an immigration judge. *See* 8 U.S.C. § 1226(e); *Nielsen v. Preap*, 586 U.S. 392, 401 (2019). Therefore, he has not shown that the INA was improperly applied.

The record reflects also that Figueroa-Martinez has received the due process required by Section 1226(a). He may appeal the immigration judge's decision to the BIA. Therefore, he has failed to show a due process violation.

**B. Respondents' Motion for Leave to Seal**

In accordance with the Show Cause Order, Respondents moved for leave to seal and filed unredacted copies of their documents relating to the Petition. (Resp'ts' Mot. Leave Seal, DN 7). Because the grounds stated in the motion sufficiently substantiate the need for sealing the unredacted copies, the motion is granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **DENIED**.

2. Respondents' Motion for Leave to Seal (DN 7) is **GRANTED**, and the Clerk shall seal DN 8.

3. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
November 20, 2026

cc: counsel of record